## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

LAST CHANCE FOR ANIMALS, a
non-profit corporation,

      Plaintiff,

vs.                                                            Civil 99-1296 BB/WWD

THE COULSTON FOUNDATION,
a non-profit corporation; DR. FREDERICK
COULSTON, an individual; and DOES 1-10
inclusive,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court upon Plaintiff's Motion to Compel Further Responses From Coulston Foundation to First Set of Interrogatories & Requests For Production of Documents, filed July 13, 2000 **[docket # 32]**.   Defendant ("TCF") in turn requests a protective order to prevent the disclosure of material which Coulston claims is either irrelevant, overreaching, or which involves trade secrets and confidential information.

TCF is a research and experimentation facility that uses animals in its testing.  Plaintiff ("LCA") is an animal rights group that advocates against the misuse of animals for research.  In the underlying lawsuit, Plaintiff seeks redress against Coulston for what it characterizes as an "intentional campaign of threats and intimidation designed to interfere" with Plaintiff's right to inform the public of what LCA alleges is TCF's cruel and neglectful treatment of animals, including chimpanzees.

The instant motion concerns the following discovery requests: Interrogatories Nos. 8, 13, 14 and 15, and Requests for Production Nos. 1 and 4.

*Interrogatories No. 13, 14 and Request for Production No. 1*

*Interrogatory No. 13* requests a list of all of Coulston's sources of funding since Coulston was founded in 1993.  Although I agree with Plaintiff that Defendant's submission of Schedules of Expenditures from 1996, 1997 and 1998 is not responsive to the request, supplementation of the response with the production of annual audits, monthly financial statements and tax returns will be sufficient to satisfy the request, and Defendant is ordered to produce these items.  Defendant's objection to that part of the request asking for funding sources as irrelevant and overreaching has merit in that *where* the funding comes from is immaterial to Plaintiff's stated reason underlying the request, which is to determine whether Coulston had the ability to appropriately care for the animals under its care.

In *Interrogatory No. 14*, Plaintiff asks for an itemization of the cost of maintaining chimpanzees at Coulston facilities since Coulston was founded in 1993.  Here, Defendant's response to the request, as well as its intention to supplement with annual audits and monthly financial statements, is inadequate as a response, since an itemization of the cost of care is integral to allegations of animal mistreatment which form the basis of this action.   See United States v. Security Bank & Trust Co., 661 F.2d 847, 851 n.6 (10th Cir. 1981) (under Fed.R.Civ.P. 26, information is "relevant" if it is reasonably calculated to lead to the discovery of admissible evidence).

*Request for Production No. 1* asks for documentation relating to any communications between Coulston and the U.S. Department of Agriculture, the U.S. Air Force, and the U.S. Department of Justice.  While this information could be relevant as to admissions made by Coulston

2

about its treatment of animals and animal deaths at its facilities, and therefore should be disclosed, I find that it should be limited to documents that relate to the treatment or deaths of chimpanzees.[1]

*Interrogatories Nos. 8, 15 and Request for Production No. 4.*

These discovery requests are more problematic in that they involve, according to TCF, issues of trade secret and confidential research. *Interrogatory No. 8* seeks a description of circumstances surrounding the death of any animal at the Coulston facilities and *Request for Production No. 4* seeks the production of documents supporting that information. TCF responded with a list of chimpanzee deaths and causes of death for a number of chimps that were not involved in studies, claiming that information regarding chimpanzees that have died while part of a study is subject to strict confidentiality provisions with project sponsors. Defendant stated that although none have ever been killed as part of research protocol, twenty chimps have died while part of a study, and that this information is available under the Freedom of Information Act (FOIA). For *Interrogatory No. 15*, Plaintiff asks for detailed descriptions of every research or experimentation program conducted by TCF.[2] In addition to objecting on the basis of trade secret and confidential research, Defendant also objected on grounds of relevance and scope, except for subpart (e) which is limited to chimpanzee deaths.

To secure a protective order under Rule 26(c)(7), the party resisting disclosure must show that the information sought is a trade secret or is confidential and then demonstrate that its disclosure might be harmful. If "good cause" is shown by meeting these requirements, the burden shifts to the

---

[1] Plaintiff has indicated for other discovery requests that would agree to confine the subject matter of its discovery requests to chimpanzees.

[2] Here also, Plaintiff has agreed to limit these requests to chimpanzee studies.

party seeking discovery to establish that the disclosure of the confidential information is relevant and necessary to the action. <u>Centurion Indus. v. Warren Steurer & Assocs.</u>, 665 F.2d 323, 325 (10th Cir.1981) (citations omitted); <u>In Re Remington Arms Co., Inc.</u>, 952 F.2d 1029 (8th Cir. 1991) (party opposing discovery of alleged trade secrets must show that information is trade secret or otherwise confidential and that its disclosure would be harmful to party's interest in property).

Coulston merely states that "[t]he project data contains confidential information regarding trade secrets and other confidential research. Publication of study data and protocols would irreparably harm the project sponsors." <u>Resp. at 4</u>. This conclusory statement does not offer the sort of specificity required for a showing of good cause. <u>See</u> <u>Four Star Capital Corp. v. Nynex Corp.</u>, 183 F.R.D. 91 (S.D.N.Y. 1997) (citations omitted) (showing of good cause requires "particular and specific demonstration of fact"). Nor does it present the kind of information which a court ordinally considers in determining whether material is of a confidential nature.[3] <u>See, e.g.</u>, <u>Andrew Corp. v. Rossi</u>, 180 F.R.D. 338, 341 (N.D. Ill. 1998) (party seeking protective order failed to establish that information sought was trade secret based on affidavit of vice president which considered everything related to company business as confidential). Moreover, Coulston's objection on behalf of project sponsors who may have entered into confidentiality provisions with Defendant will not be considered, since these parties presently have no standing in the lawsuit. <u>See</u> <u>Burton Mechanical Contractors, Inc. v. Foreman</u>, 148 F.R.D. 230, 233 (N.D.Ind. 1992) (third parties must intervene in order to protect their confidential business information).

---

[3]   Whether information is confidential "depends upon (1) the extent to which information is known outside the business; (2) the extent to which information is known to those inside the business; (3) the measures taken to guard the secrecy of the information; and (4) the value of the information to the business and its competitors." <u>Four Star</u>., 183 F.R.D. 91.

While Defendant has not adequately shown that any of the information requested is of a confidential nature, there is merit to TCF's objection that most of *Interrogatory 15* seeks material which is irrelevant and overreaching in scope.  The driving force in this lawsuit is the issue of animal cruelty as allegedly carried out at Coulston facilities and as it relates to LCA's website, "www.CoulstonkillsChimps.com," to which TCF objected as defamatory and which was removed from the internet after TCF complained to the service provider.[4]   Compl. at 6-8.

Although the legal issues of Plaintiff's contractual and free speech rights may turn on facts involving chimpanzee treatment and deaths, they do not require an inquiry into the details of the actual research in which the chimpanzees were used, including sponsorship and funding by individuals and governments (both foreign and domestic).   Notwithstanding the broad scope of discovery in federal courts, see Weahkee v. Norton, 621 F.2d 1080, 1082 (10th Cir. 1980), the discovery process is not an opportunity for pro-active grass-roots organizations to pry open the alleged "Pandora's boxes" of corporate America if the information sought is not reasonably calculated to lead to the discovery of admissible evidence.  See United States v. Security Bank & Trust Co., 661 F.2d 847, 851 n.6 (10th Cir. 1981).

Accordingly, Defendant shall respond fully to subpart (e) of *Interrogatory No. 15*, but need not respond to subparts (a) through (d).  Defendant shall also respond to *Interrogatory No. 8*[5] and

---

[4]  Subsequent to the removal of the website, LCA rented a billboard located just outside of TCF's main facility which offered a reward for information leading to the conviction of researchers committing "animal cruelty, embezzlement, or fraud" and which listed LCA's website domain name, "www.CoulstonkillsChimps.com."  Comp., ¶ 40.

[5]  The fact that information may be available to the party seeking discovery, e.g., through FOIA, does not excuse the other party from responding.  See Bartley et al v. Isuzu Motors Ltd  & American Isuzu Motors, Inc., 158 F.R.D. 165, 167 (D.Colo. 1994).

*Request for Production No. 4*, as limited to chimpanzee deaths, but need not provide information or material as to related details which I have determined to be nondiscoverable for subparts (a) through (d) in Interrogatory No. 15.

Parties shall draft and agree to a confidentiality order which will limit the use of discovery information to the present lawsuit as well as limit and identify the individuals who will have access to that information during the litigation of this case.  Not only is this measure consistent with the scope and purpose of the Federal Rules of Civil Procedures, see Rule 1 ("construed and administered to secure the just, speedy and inexpensive determination of every action"), but it is also designed to avoid a possible misuse, through either inadvertent or calculated public dissemination, of the information which Defendant is herein required to disclose.

**WHEREFORE**,

**IT IS ORDERED** that Plaintiff's Motion to Compel Further Responses From Coulston Foundation to First Set of Interrogatories & Requests For Production  of Documents **[docket # 32]** is GRANTED IN PART and DENIED IN PART, as described above;

**IT IS FURTHER ORDERED** that the parties shall stipulate to a confidentiality order as described above, to be filed with the Court **on or before September 15, 2000**;

6

**IT IS FINALLY ORDERED** that Defendant is ordered to provide Plaintiff with responsive discovery information and materials as described herein **within 20 calendar days** of the filing of the confidentiality order.


UNITED STATES MAGISTRATE JUDGE